IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-152-GKF-FHM |
| | ) |
| TODD BARON; ROGERS COUNTY; | ) |
| CITY OF CLAREMORE, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action. Plaintiff appears *pro se* and is proceeding *in forma pauperis*. By Order filed April 13, 2011 (Dkt. # 8), the Court dismissed Defendant City of Claremore from this action. In response to the amended complaint (Dkt. # 5), Defendants Todd Baron and Rogers County filed a Special Report (Dkt. # 16) and a motion to dismiss (Dkt. # 17). Plaintiff did not file a response to the motion within the time frame established by the Court. See Dkt. # 10. As a result, by Order filed August 18, 2011 (Dkt. # 19), the Court directed Plaintiff to file a response to Defendants' motion to dismiss by September 1, 2011. On August 30, 2011, the Court received a letter (Dkt. # 20) from Plaintiff. In his letter, Plaintiff states that "[o]n or about July 20, 2011, I did mail a response as directed. I don't know why the courts [sic] didn't resever [sic] it." See Dkt. # 20.

By Order filed September 1, 2011 (Dkt. # 22), the Court provided notice to the parties that Defendants' motion to dismiss would be adjudicated as a motion for summary judgment. The parties were directed to present any materials not previously provided that are pertinent to the motion for summary judgment by September 15, 2011. Id. Plaintiff was again directed to file a response, this time to the motion for summary judgment. His response deadline was September 29,

2011. Id. He was advised that should he fail to file a response by the specified deadline, Defendants' motion may be deemed confessed. Id. The deadlines have now passed. No additional summary judgment materials have been provided by the parties and Plaintiff has failed to file a response to the motion for summary judgment.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993).  The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994).

In his amended complaint, Plaintiff claims that (1) he has been held in "filthy and unsanitary conditions" at the Rogers County Jail ("RCJ"), (2) he has been deprived of adequate medical and mental health care while in custody at the RCJ, and (3) he has been held in "violation of general population rights and priviledge [sic]." See Dkt. # 5. In his request for relief, Plaintiff asks for "in

excess of $10,000.00 (ten thousand dollars) and or the removal from employment the above named defendants so that further rights violations no longer take place." Id.

Even though Plaintiff has failed to respond to the motion for summary judgment, the Court must examine the record to determine if summary judgment is appropriate. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) (stating that "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party"). As a result of Plaintiff's failure to respond, the material facts in Defendants' motion for summary judgment are deemed admitted. See LCvR 56.1(c) ("All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party."). The undisputed material facts contained in the summary judgment record, including the record provided in the Special Report, prove that there is no genuine issue of material fact for trial as to Plaintiff's claims arising from the conditions of his confinement and the adequacy of medical and mental health care received while he was incarcerated at the RCJ.

The uncontroverted material facts demonstrate that Plaintiff failed to exhaust administrative remedies for the claims asserted in the amended complaint prior to filing this federal civil rights action. See 42 U.S.C. § 1997e(a) (providing that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); Woodford v. Ngo, 548 U.S. 81 (2006); Porter v. Nussle, 534 U.S. 516, 532 (2002). In addition, the uncontroverted material facts demonstrate that on two occasions, Plaintiff was placed in the jail's observation cell for his own protection as a result of suicide threats. The uncontroverted

material facts also demonstrate that Plaintiff has been evaluated for mental competency during his incarceration, that he suffered no adverse consequences from any treatment or any delay in treatment, and that the jail operations complied with Oklahoma Minimum Jail Standards. Plaintiff has failed to make a showing sufficient to establish that Defendants were deliberately indifferent to his serious medical needs, that the conditions of his confinement were sufficiently serious to constitute a constitutional violation, that there existed an affirmative link between any defendant and a constitutional violation, or that there existed a jail policy violative of his rights. Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981) (stating that the Constitution "does not mandate comfortable prisons" and conditions imposed on prisoners may be "restrictive and even harsh"); Duffield v. Jackson, 545 F.3d 1234, 1238 (10th Cir. 2008) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Serna v. Colorado Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006); Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997) (plaintiff must show that there is an "affirmative link" between each defendant and the constitutional deprivation); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993). The uncontroverted material facts entitle Defendants to judgment as a matter of law. Therefore, entry of summary judgment in favor of Defendants is appropriate and their motion shall be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendants' motion for summary judgment (Dkt. # 17) is **granted**.

2. A separate judgment in favor of Defendants shall be entered in this matter.

DATED THIS 15th day of November, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma